Mr. Justice Olin,
after stating the case, delivered the following dissenting opinion:
It will be seen that, upon this recital of facts, a most material discrepancy appears from the record as to what the nature of the arrangement was under which this collateral was delivered to Kendig. The testimony on the part of the plaintiff is that this certificate of indebtedness was simply delivered over to Kendig as collateral security for the payment of the $3,000 note. The testimony for the defendant *530 is, on the contrary, explicit to show that this certificate of indebtedness was delivered to him upon condition that he was at liberty to sell and dispose of it, at any time he might elect, at a price not less than ninety cents on the dollar.
If the true version of this transaction is that claimed on the part of the plaintiff, and which his evidence tends strongly to prove,' then I think the judge erred in directing a verdict of the jury for the defendant. If the true transaction was such as the evidence on the part of the defendant tended to show it, the verdict was right. According to that, said Kendig was authorized to sell said voucher or certificate of indebtedness at any time, even before the maturity of the note.
It is agreed that the sale of the voucher was actually made before the maturity of the note.
I understand that the cause was decided in the court below against the plaintiff; that no legal tender strictly in conformity with the rules of common law was made, before suit brought, of the amount of the note.
If the transaction between the plaintiff and Kendig was as the plaintiff’s testimony tends to show; no tender of any kind was a necessary condition to maintain a suit to recover possession of this certificate of indebtedness; and to show this I will only cite a case of Wilson vs. Little and others, 2 Comstock, 443; a case precisely in point, unless the defendant got a better title to this certificate of indebtedness, or chose in action, than Kendig had, which will scarcely be pretended, as the vendor of the personal chattel can give to the vendee no better title than he himself possessed.
The error of the court was, I think, therefore, in taking the cause from the jury, and not submitting to them the question whether the testimony on the part of the plaintiff was the true version of the agreement between the plaintiff and Ken. dig in reference to the delivery of this certificate of indebtedness. Had I been sitting as a juror, quite likely I might have come to the conclusion that the arrangement between Talty and Kendig was such as the testimony on the part of the defendant tended strongly to prove; but this was an action at law, and the facts in the case were to be found by the jury.